ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| SELLADO DE TECHO LA FAMILIA LLC P/C SU PRESIDENTE JOSÉ ACEVEDO CRESPO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MAYAGÜEZ<br><br>Recurridos<br><br>GRAFFO MANAGEMENT, CORP.; A & D CONSTRUCTION, INC.; LRVR, CORPORATION<br><br>Otros Licitadores | TA2026RA00308 | *Recurso Administrativa,* procedente de la Junta de Subastas del Municipio Autónomo de Mayagüez<br><br>Caso Núm.: 2026-055 Pinturas de Edificios, Parques, Canchas, Dependencias y Otros<br><br>Sobre: Impugnación de Subasta de Servicio de Sellados de Techos |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2026.

Mediante Recurso de *Revisión*, presentado el 8 de junio de 2026, Sellado de Techo La Familia LLC, (Sellado de Techo), solicita que revisemos la Resolución de Determinación Final de la Subasta Núm. 2026-055 sobre pinturas de edificios, canchas, parques, dependencias y otros emitida por la Junta de Subastas del Municipio Autónomo de Mayagüez, el 27 de mayo de 2026 y notificada y archivada en autos en la misma fecha.

Mediante referida determinación, la Junta adjudicó la Subasta Núm. 2026-055 a favor de GRAFFO Management Corp.

# I.

En desacuerdo con la adjudicación y la forma en que esta fue notificada, el 8 de junio de 2026, Sellado de Techo, quien fue uno de los licitadores de la subasta, presentó un recurso de revisión judicial. En su escrito alegó que la Junta de Subastas cometió los siguientes errores:

Primer error: Erró la Junta de Subastas del Municipio Autónomo de Mayagüez al emitir una notificación de adjudicación que incumple con los requisitos del código municipal de Puerto Rico, el Reglamento núm. 8873 y el Reglamento de Subastas del Municipio de Mayagüez, al no exponer los factores o criterios utilizados para adjudicar la subasta ni las razones para no adjudicar a los licitadores no seleccionados.

Segundo error: Erró la Junta de Subastas al basar su determinación en un alegado análisis del gerente de obras públicas municipal identificado como "anejo i", sin incluir dicho documento en la notificación de adjudicación ni hacerlo formar parte de los documentos notificados a los licitadores participantes.

Tercer error: Erró la Junta de Subastas al emitir una determinación compuesta por aseveraciones conclusorias y genéricas que no contienen hallazgos de hecho suficientes ni una explicación razonada del proceso de evaluación de las propuestas.

Cuarto error: Erró la Junta de Subastas al impedir una revisión judicial efectiva de la adjudicación impugnada al omitir información esencial del expediente administrativo y de los criterios utilizados para la selección del licitador agraciado.

Quinto error: Erró la Junta de Subastas al actuar de forma arbitraria, caprichosa e irrazonable y en violación al debido proceso de ley de los licitadores no agraciados.

Sexto error: Erró la Junta de Subastas del municipio autónomo de Mayagüez al adjudicar la subasta núm. 2026-055 a favor de Graffo Management Corp. Sin evaluar adecuadamente ni explicar la razonabilidad y viabilidad de una propuesta cuyos precios aparentan ser anormalmente bajos y sustancialmente inferiores a los prevalecientes en el mercado y a los sometidos por los demás licitadores, actuando de forma arbitraria, caprichosa y contraria al interés público.

Junto al recurso, Sellado de Techos incluyó una *Moción urgente solicitando orden en auxilio de jurisdicción*. En esta, nos solicitó que emitiésemos una Orden al Municipio de Mayagüez y

su Junta de Subastas, para que paralicen los efectos de la adjudicación de la subasta núm. 2026-055. Fundamentó su reclamo en que, "la mera presentación de un recurso de revisión no paraliza los efectos de la adjudicación de la subasta, pudiendo el Municipio **proceder con la firma y ejecución del contrato subastado**, lo que convertiría en académico el recurso de revisión y la jurisdicción de este Honorable Tribunal".

Examinada la petición, el 9 de junio de 2026, emitimos una Resolución para ordenar la paralización de **todo trámite pendiente respecto a la adjudicación de la Subasta bajo el número Núm. 2026-055**. A su vez, le ordenamos a la Junta de Subasta del Municipio Autónomo de Mayagüez, parte aquí recurrida, que se expresara en torno a la impugnación de la subasta.

Este 18 de junio de 2026, compareció el Municipio Autónomo de Mayagüez mediante una *Moción en solicitud de desestimación por falta de jurisdicción por razón de academicidad*. En su escrito informó que el **12 de junio de 2026**, la Junta de Subastas del Municipio canceló la adjudicación de la subasta. Indicaron, además, que la Junta de Subastas procederá a evaluar las ofertas para determinar la propuesta que sea más conveniente a los mejores intereses del Municipio. En consecuencia, solicitaron la desestimación del recurso, por entender que se tornó académico.

Planteado el asunto jurisdiccional, disponemos.

**II.**

**A**.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 215 DPR ____

(2024); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 448 (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019).  De manera que, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Freire Ruiz et al. v. Morales, Hernández, *supra*; Torres Alvarado v. Madera Atiles, *supra*, pág. 500.  En consecuencia, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz et al. v. Morales, Hernández, *supra*; Mun. Aguada v. W Const. LLC, *supra*; Ruiz Camilo v. Trafon Group, Inc.*,* 200 DPR 254, 268 (2018).

Es norma reiterada que los tribunales solo podemos evaluar aquellos casos que son justiciables. Aponte Rosario et al. v. Pres. CEE II, 205 DPR 407, 451 (2020).  Esto es, "la jurisdicción de los tribunales está sujeta a que los casos sean justiciables, ya que su función es adjudicar controversias reales y vivas, en las cuales existan partes con intereses encontrados cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica". Buxó Santiago v. ELA et als., 2024 TSPR 130, 215 DPR ____ (2024), citando a Lozada Tirado v. Testigos de Jehová, 177 DPR 893, 908-09 (2010). Una controversia no se considera justiciable cuando, entre otros requisitos, **hechos posteriores al comienzo del pleito han tornado la controversia en académica**. Super Asphalt v. AFI y otros, 206 DPR 803, 815 (2021); Bhatia Gautier v. Gobernador, 199 DPR 59, 69 (2017); Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 932

(2011); <u>Noriega v. Hernández Colón</u>, 135 DPR 406, 421-422 (1994). (Énfasis nuestro).  Una controversia que en sus inicios era justiciable se convierte en académica cuando "los cambios **fácticos** o judiciales acaecidos durante el trámite judicial de una controversia, tornan en académica o ficticia su solución". <u>Super Asphalt v. AFI y otros</u>, *supra,* <u>Amador Roberts v. ELA</u>, 191 DPR 268, 283 (2014). Esto es, la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho, y esta se vuelve inexistente.  <u>Pueblo v. Díaz, Rivera</u>, 204 DPR 472, 481 (2020).  Amparados en el precepto de la academicidad, se evita "el uso inadecuado de los recursos judiciales y los precedentes innecesarios". <u>Buxó Santiago v. ELA et als</u>., *supra,* citando a <u>Super Asphalt v. AFI y otros</u>, *supra*, págs. 815-816.

No obstante, la doctrina de academicidad tiene excepciones: (1) cuando se plantea ante el foro judicial una cuestión recurrente o susceptible de volver a ocurrir y que tienda a evadir la revisión judicial; (2) cuando la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente, y (3) cuando se tornan académicos aspectos de la controversia, pero subsisten consecuencias colaterales vigentes. <u>Pueblo v. Díaz, Rivera</u>, *supra*, pág. 482; <u>Bhatia Gautier v. Gobernador</u>, 199 DPR 59, 73-74 (2017). Cuando un tribunal determine que un pleito es académico, su deber es abstenerse de considerar los méritos de ese caso. <u>Super Asphalt v. AFI y otros</u>, *supra;* <u>CEE v. Dpto. de Estado</u>, 134 DPR 927, 936 (1993).

**B.**

Las subastas que se adjudican por una Junta de Subastas Municipal están reguladas por el Código Municipal de Puerto Rico ("Código Municipal"), Ley Núm. 107-2020, el Reglamento de

Subastas del Municipio Autónomo de Mayagüez y el Reglamento para la Administración Municipal 2016 Núm. 8873 ("Reglamento Núm. 8873").

Referente al ***Aviso de Adjudicación de Subastas***, el Reglamento Núm. 8873 en la Sección 13 del Capítulo VIII dispone como sigue:

(1)  Una vez la Junta haya seleccionado el licitador o los licitadores que obtuvieran la buena pro de la subasta, se preparará una minuta donde se hará constar las proposiciones recibidas y el otorgamiento de la subasta incluyendo todos los pormenores de la adjudicación. Los originales deberán ser conservados en un libro de actas bajo la custodia de la Junta de Subastas.

(2)  La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

(3)  La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

(a)  nombre de los licitadores;
(b)  síntesis de las propuestas sometidas;
(c)  factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
(d)  derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;
(e)  fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

(4)  Ante la posibilidad de alguna impugnación de una adjudicación en una subasta, no se formalizará contrato alguno hasta tanto transcurran diez (10) días contados desde el depósito en el correo de la notificación del acuerdo final o adjudicación. La anterior prohibición aplicará aún en los casos de subastas en las cuales participó un solo licitador, Transcurrido el término de los diez (10) días de la notificación o adjudicación, el municipio otorgará el

contrato escrito, con los requisitos de Ley aplicables y conforme el Capítulo de Contratos Municipales de este Reglamento.

De otro lado, la Sección 14 del Reglamento 8873, le concede discreción a la Junta para cancelar la adjudicación, a saber:

La Junta **podrá cancelar la adjudicación antes de la formalización del contrato** o de emitida la orden de compra. Sin que se entienda como una limitación, se podrá cancelar la adjudicación bajo las siguientes circunstancias, […] (3) Por otras razones que beneficien el interés público. […] (Énfasis nuestro).

**III.**

El recurrente Sellado de Techo presentó un recurso de revisión administrativa para que revisemos la Resolución de Determinación Final de la Subasta Núm. 2026-055 sobre pinturas de edificios, canchas, parques, dependencias y otros emitida por la Junta de Subastas del Municipio Autónomo de Mayagüez, emitida y notificada el 27 de mayo de 2026. En esa misma fecha, la parte recurrente nos solicitó mediante Auxilio de Jurisdicción que se paralizaran todos los efectos de la Resolución de Determinación Final de la Subasta Núm. 2026-055. Esta petición se hizo fundamentada en que, si no se paralizaba la subasta, el Municipio podía proceder con la otorgación y ejecución del **contrato**.

Bajo esa premisa, evaluado el asunto, el **9 de junio de 2026**, emitimos una Resolución en la que indicamos que "se ordena la Paralización de todo trámite pendiente ante la Junta de Subastas del Municipio Autónomo de Mayagüez" […]. Esta orden tenía el efecto de paralizar el trámite siguiente a la subasta, que en lo ordinario era el otorgamiento del contrato en virtud de la adjudicación, según lo planteó el recurrente en su moción en auxilio de jurisdicción.

Ahora bien, posterior a nuestra orden de paralización, el 12 de junio de 2026, el Municipio de Mayagüez nos informó que la Junta de Subastas canceló la adjudicación de la subasta aquí en controversia. Informó que procederá a evaluar las ofertas para determinar la propuesta que sea más conveniente a los mejores intereses del Municipio, conforme la Ley 107-2020, según enmendada, conocida como "Código Municipal de Puerto Rico", el Reglamento Núm. 8873 y el Reglamento de Subastas del Municipio de Mayagüez. Ante esa situación, nos informó que la notificación de cancelación de la adjudicación tornó académico el presente recurso y en consecuencia carecíamos de jurisdicción para atenderlo.

Evaluado el asunto, nos declaramos sin jurisdicción. Aun cuando habíamos emitido la orden de paralización el 9 de junio de 2026, ello era únicamente para detener los efectos de la adjudicación de la subasta aquí cuestionada, según lo peticionó el recurrente. Es decir, el otorgamiento y la ejecución del contrato. Así que, aparte de esas circunstancias, nada impedía que la Junta de Subastas, dentro de sus prerrogativas y a tenor con la facultad que le concedía la Sección 14 del Reglamento 8873, procediera con la cancelación de la adjudicación de la subasta, previo a la formalización del contrato.

Por consiguiente, el acto de cancelar la subasta y los efectos de esta tornó en académica la presente causa. En virtud de ello, cualquier determinación que emitamos no tendría ningún efecto jurídico ni vinculante. Siendo así, al no estar presentes ninguna de las excepciones a la doctrina de la academicidad, solo nos resta declararnos sin autoridad para entender sobre los méritos de esta causa.

**IV.**

Por las razones antes expresadas, se desestima el presente recurso por falta de jurisdicción por Academicidad.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.  La Juez Grana Martínez concurre con opinión escrita.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones